United States Good morning, Your Honor. My name is Rob McCallum. I represent Mr. Kandi in this matter. This started out as a tax collection case. Mr. Kandi received a final notice of intent to levy with respect to some employment taxes for his single-member LLC. And the Internal Revenue Service took the position during the collection matter that, pursuant to the interpretive regs that they had implemented to deal with entity classification problems under Section 7701, they took the position that it was a disregarded entity and they pursued Mr. Kandi personally for the employment taxes. Now, a single-member LLC, you can check the box and have it recognized as a corporation. Mr. Kandi did not do so. So by default, since he failed to check the box, the single-member LLC was disregarded. So this case then was a collection due process appeal was filed. The case then was decided by a settlement officer adversely. And then we filed a The corporation had limited assets. But it's an interesting issue because the corporation was not defunct after the employment taxes were unpaid. The corporation was actually the LLC single-member was sold to another individual who continued to run it. And the IRS made the determination that they would not pursue the successor entity of the new owner. We also, as you know, we're arguing that the rate of the successor corporation fit within the definition of responsible person under those circumstances. Well, there were different theories under which the IRS could have collected the LLC and they have to go after the employer, despite their interpretation of the regs. There is a trust fund recovery penalty that the IRS can use against responsible parties who are willful and responsible for the failure to pay. And by the way, we did offer up, prior to the statute of limitations expiring for assessing the trust fund, we repeatedly offered that up to the revenue officer, Terry DeKaiser. She refused to even take a backup position and hedge with it. And we also offered it up to Tim Paul, the settlement officer, who did not pursue it either. And those offers were made several times prior to the expiration of the trust fund statute. What was the amount of those offers? Well, we had offered to pay the trust fund recovery penalty, which in this case, if you look at the final notice of intent to levy that gave rise to this case, the two periods in issue, I think, are the first and second quarter of 01, and the initial assessment was about $216,000. Now, with the approval of instant penalties, it's become much more. The trust fund, as the government points out well in their brief and has good discussion of it, the trust fund is the trust fund amount that should be withheld by the employer, which consists of the federal income tax and the employer's share of the FICA. The employee's share of the FICA, the FUTA, and interest and penalties on the entity go away with the trust fund. But for the most part, the government is made whole on the withheld trust fund amounts through the trust fund. We also suggested to the government that they pursue the new owner of the LLC that Mr. Candy had sold the business to, and they refused to do that as well. So here we are today after many proceedings. Did the new owner of the LLC agree to assume all the liabilities and obligations of the company? Technically, for a corporation, that should be the case, that the corporation remains liable for the liabilities if that corporation is sold for adequate consideration to another party. And in this case, my recollection is there was even some sort of side agreement between Mr. Candy and the individual, Mr. Isley, who purchased the LLC that Mr. Candy, in return for a payment of 120,000 to Mr. Isley, would have no responsibility for the LLC's employment tax Mr. Isley agreed that if the government came after them, because they all anticipated they'd come after the LLC, that in return for that $120,000 payment from Mr. Candy, he would satisfy the liability with the corporation that he was running at that time that he purchased from Mr. Candy. So your client has a claim against the new owner of the corporation? That's the subject of a separate civil matter that he has separate counsel on. But, yes, that is an ongoing issue. But the problem is if the IRS chooses to collect from whatever party they want, and in this case, to get back to the point of the argument here, they chose to ignore other collection remedies that they had available to them, the trust fund recovery penalty, or to go after the corporation or the LLC that was sold. They decided, based on their interpretation of the regulations under 7701, dealing with check-the-box regs and disregarded single-member LLCs, they decided to go after Mr. Candy. But what did he sell the corporation for? Pardon me? What did he sell the corporation for? The corporation was sold, I believe, for $840,000. And what did he do with the money? He invested that money in real property, as I understand it, which actually we are trying to liquidate to satisfy tax liabilities associated with this, including a trust fund recovery penalty, interestingly enough, that the IRS did assess for prior periods, when they basically had a disregarded entity as well, but it was a two-person disregarded LLC because they failed to check the box. So by default, in that situation, under the regs, which is somewhat inconsistent with what they're saying with a single-member LLC, they do go after the partnership for the employment tax liabilities. That's back when there were two, but then he bought out that share. That's back when there were two. And if there aren't sufficient assets to satisfy that, then of course they can go after the partners, assuming that they were responsible and willful within the definition of 6672, they can go after them personally. But our argument is that when there was this entity classification issue problem, IRS came up with interpretive regs that we think are invalid insofar as they treat the employment taxes incurred by a single-member LLC as the tax liability of the owner of the LLC. And I think if you look at Chevron or you look at the National Muffler Dealers Association standard, whichever you think applies in light of the Swallows decision that came out of the tax court and went up to the Third Circuit that commented on that, we still think that it's impromissive and unreasonable to make this a single-member LLC to go after the owner for the employment taxes. Interestingly enough, I think it's worth mentioning, there are final regs that have been adopted in this area, and the government has done a 180 on this. Now they say because of all the uncertainty and administrative difficulties in implementing the regs that we're saying were impromissive, unreasonable under National Muffler or Chevron analysis, they have now taken the position, after having an interim notice to try and clear up the ambiguities that existed in 99, the regs I'm talking about were adopted in 97. They come out with a notice that further comments on the regs because of confusion administering them. Now, after two years of having open commentary for the regs, they have now been adopted. And ironically enough, the position the government is taking, effective January 1, 2009, is that they can't go after the owner for the employment taxes for a disregarded single-member LLC when the box is not checked to be taxed as a corporation. They have to go after the LLC, which is the owner and the employer, and their way of trying to recover then, assuming they can't get it from the LLC, would be to pursue the trust fund recovery penalty against the responsible parties, which is what we offered them up to begin with four or five years ago. Well, the starting point is, if the box isn't checked, that it's taxed as a corporation. Is that what you're saying? No, no. If the box is checked, you have to make an affirmative election as a single-member or multiple-member LLC, under the check the box regs that I'm talking about, to be taxed as a corporation. If you don't check that box. How about now? Yeah, you still have to make the election. It's just that the new regs deal with a situation where the owner fails to check the box and, by default, it's taxed as a sole proprietorship, or if it's a multiple-member LLC, it's taxed as a partnership. So if you fail to check the box to be taxed as a corporation with a single- or multiple-member LLC structure, then, by default, you're either taxed as a partnership if you have two or more members, or as a sole prop if you have one or more members. Okay. And I see I'm a minute over. Yeah. We had a little extra tax on that minute, too. And just as a matter of fact, Judge Hall, I remember you from the tax court. I actually clerked when you were there. Good to see you. Thank you. Is it that old? I hate to say it. May it please the Court. Nathan Hockman on behalf of the United States. The only issue for this Court to resolve is whether or not these Treasury regulations, the check-the-box regulations, were a permissible construction of an ambiguous statute. And by permissible, the other interchangeable word is reasonable. Because if the Court determines that it was a permissible or reasonable construction of the IRS Code 7701 definitions and could have been within a realm of reasonable or permissible constructions, then the district court decision in this case should be affirmed. You would argue you entitled the Chevron deference for both regulations, the old one and the new one that's coming into effect. Yes. Because the Chevron deference basically states, the first step of the analysis is, has Congress spoken unequivocally or unambiguously on the issue? Certainly they haven't done that. Certainly. And if they haven't, that's where the IRS in this case gets to fill the gap. Because the definitional sections that we're dealing with, the 7701, dealing with person, corporation, and partnership, they occurred in 1918, 1919, and 1932. As counsel for Appellant has recognized and conceded, they didn't deal with the modern hybrid vehicle of an LLC. An LLC is an unincorporated, limited liability company that bears both the characteristics of a corporation and the characteristics of a partnership, or in a sole member situation, the characteristics of a sole proprietorship. So what happened in 1995, which is when the regulations started to be considered, is that the IRS had a number of options of what they could have done. They could have decided permissibly to treat all LLCs as corporations. Just a blanket rule. We're going to treat all these as corporations. Now, the downside that they don't point out is that they would then have double taxation. They would have had to pay taxation at the corporation level and then at the individual level, although the corporation would have been the employer for employment tax purposes. So that would have been one permissible construction. Another permissible construction would have gone the opposite way, treat all sole member LLCs as sole proprietorships and not give them any option to be treated as a corporation whatsoever. But what the IRS did is they said we're going to give people a choice. They actually can check the box. If they want to be treated as a corporation, they literally have to file a piece of paper, check the box, and be treated as such. How clear was it that it was to be treated as a corporation for all purposes? I think there's some argument in the brief that it's really just income tax they were talking about. And what the McNamee court in the Second Circuit, the Littriello court in the Sixth Circuit, and we believe the fair reading of the regulation show, is it says repeatedly for Federal tax purposes, not Federal income tax purposes, which is one of the examples, but for Federal tax purposes. Indeed, this is an argument that the appellant raised below the district court as sort of an interpretive concept. The district court ruled against the appellant down below, and now he doesn't raise this issue again as an interpretive concept before this court. Because as Your Honors has pointed out, this appellant had three options. He could have paid the employment taxes when they were due back in 2001, the $200,000-plus. He not only didn't pay it, by the way, he didn't make the deposits, which he's legally obligated to make. He didn't file the employment tax quarterly returns, which he's legally obligated to make. Then that's in the early, the first two quarters of 2001. September 2001, he sells his interest in the business for $840,000. He could have taken $216,000 of that, paid off the employment taxes, and we wouldn't be here today. Or at some point in the process, he could have just checked the box and literally sent a piece of paper in to the IRS and said, I want to be treated as a corporation. Therefore, the corporation would be the entity, the employer, and we again wouldn't be here. Down below, he chose not to. In fact, he conceded the validity of the regulations. The district court made that finding, that he conceded the validity of the regulations down below and attacked the interpretation, that's the income tax versus employment tax interpretation. He also raised the retroactivity issue, that he thought these new regulations that come out in the effect of January 2009 should be retroactive to 2001. Those are both issues that the district court ruled against him, and those issues are not even before this court. In fact, he chooses now the fifth course, his last course, the Hail Mary pass, which is to check the validity of the regulations that have been in place at this point from 1997 to 2001. And the way he goes about this is he basically focuses on a word, person, in the employer definition sections under 3306 and 3401. And he says person can include a company. A company is an LLC, and therefore the LLC should be the employer for these contexts. The problem with that is that there's no definition of company. In fact, when you go to the definitional section of person, a person can be an individual, a partnership, a corporation, a company, a trust, and there's two other definitions. It doesn't answer the question of what an LLC is. That's why there's still, and that's in essence the analysis the McNamee court looked at. The McNamee court looked at person, corporation, partnership, and saw these vague terms that were established 70-plus years ago don't deal with what an LLC is and whether or not it should be considered a sole proprietorship, which would then make the individual the employer, or whether or not it should be a corporation. Again, the permissible construction that they allowed is let the employer check the box, let the owner check the box, which way he wants to be treated. Then the argument, the other argument appellant raises is that, ah-ha, the IRS has changed its mind, and it's made in essence a carve-out for employment tax purposes starting in 2009, and therefore that shows the invalidity, the unreasonableness of its construction 10 years before in 1997. Well, the Chevron court provides both the legal and factual analysis to dispel this argument. In Chevron, as the court will recall, we were dealing with an EPA regulation dealing with the Clean Air Act, where one administration, the Carter administration, in 1980 had one interpretation of what a stationary source should be. New election, President Reagan comes in, then they have a different 180-degree interpretation a year later of what a stationary source should be. The National Resource Defense Fund challenges that. It works its way all the way up to the Supreme Court, and the Supreme Court affirms the fact that the EPA can change its mind under, you know, reasonably change its mind and adopt a different permissible construction. Why? Because the Chevron court says when it comes to interpretations and it comes to these regulations, these agencies have an actual obligation to constantly review what's going on, and if they make a different policy decision, they can implement it. Here, what in essence happened is the IRS, in making these decisions back then, thought it made a decent one. But then, in 1999, it issues a notice for comment, and it's finding out from the commentary that comes back in that some states are basically treating LLCs as the employer. Some states, by the way, a minority of states, treat the individual as the employer. And this is causing problems between the IRS and the states as to who files which forms and who's responsible for the tax. So what do they do quite correctly? In 2005, they issue another notice and comment procedure, and they get commentary in, so that in 2007, they go ahead and they say, aha. If you actually look at the final regulations, they talk about commentators saying, keep it, we like this, because there's some states that treat the individual as the employer, and we like the chance that the individual can be the employer. Then the majority of the states, they're not treating the individual as the employer. They're treating the LLC as the employer. So the IRS says, okay, we're going to now issue a blanket rule that for employment cases in 2009, we've weighed the different policy decisions, and we're going to rule in favor of having one, the LLC, be the employer. The individual can no longer be the employer. That's what they've now decided in the new permissible and reasonable construction. But that's what Chevron asks the court. Can they opt out of that? Well, again, they can be the corporation. Actually, in essence, no, because if they check the box for the corporation, the corporation is the employer. If they don't check it and they disregard it, it gets disregarded for every purpose but employment. So, again, but what Chevron said is that that's exactly what agencies should do. They shouldn't just lock into some rigid, what do they call it, engraved in stone type of regulation that they can never change. They do what the IRS did here, put it in place, see if it works, get commentary back, hold open and noticed hearings. If it doesn't work, change it so it works. So we would submit that the 1997 regulations are permissible. They're reasonable. They allow this particular appellant to do a very easy thing to avoid this liability. He chose not to. He chose not to even honor. By the way, he filed his employment tax returns after he sold the business in May 2002. He doesn't even bother to file the returns in 2001. So he sells the business, gets all the money, and then almost probably eight or ten months later goes ahead and filed the returns. For all these reasons, the United States would submit that the district court's decision in this case should be affirmed. Thank you very much. Thank you. All right. That takes care of it. The matter is submitted. We'll go on to the next case. Good argument. Good argument on both sides.
judges: Pregerson, Canby, Hall